UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:17-CV-80425-DMM

FEDERAL TRADE COMMISSION,

    Plaintiff,

        v.

DANIEL L. CROFT, an individual doing business
As PC Guru Tech Support and Elite Tech Support,

    Defendant.

_____

## FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION

In light of the Order Granting Motion for Default Judgment, final default judgment is entered in favor of Plaintiff the Federal Trade Commission and against Defendant Daniel L. Croft as follows:

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. **"Clear and conspicuous"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

    a. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

1

b. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

c. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

d. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

e. The disclosure must appear in each language in which the representation that requires the disclosure appears.

f. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

g. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

h. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

B. **"Commercial Electronic Mail Message"** means any electronic mail message the primary purpose of which is the commercial advertisement or promotion of a commercial product or service (including the content on an Internet website operated for commercial purposes).

C. **"Defendant"** means Daniel L. Croft a/k/a Danny Croft, and any entity through which he

does business, including PC Guru Tech Support and Elite Tech Support, individually, collectively, or in any combination.

D. "**Electronic Mail Address**" means a destination, commonly expressed as a string of characters, consisting of a unique user name or mailbox (commonly referred to as the "local part") and a reference to an Internet domain (commonly referred to as the "domain part"), whether or not displayed, to which an Electronic Mail Message can be sent or delivered.

E. "**Electronic Mail Message**" (or "**email**") means a message sent to a unique Electronic Mail Address.

F. "**Initiate**," when used with respect to a Commercial Electronic Mail Message, means to originate or transmit such message or to Procure the origination or transmission of such message.

G. "**Procure**," when used with respect to the Initiation of a Commercial Electronic Mail Message, means intentionally to pay or provide other consideration to, or induce, another Person to Initiate such a message on one's behalf.

H. "**Protected Computer**" means a computer which is used in interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States.

I. "**Sender**" means a Person who Initiates a Commercial Electronic Mail Message and whose product, service, or Internet Web site is advertised or promoted by the message.

J. "**Technical Support Product or Service**" means any plan, program, or software marketed to repair, maintain or improve a computer's performance or security, including

registry cleaners, anti-virus programs, and computer or software diagnostic services.

K. **"Telemarketing"** means any plan, program, or campaign which is conducted to induce the purchase of goods or services by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

## I. PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS ORDERED** that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A. That Defendant is affiliated with, appointed by, or otherwise authorized to perform work for the Federal Trade Commission;

B. That Defendant is affiliated with, appointed by, or otherwise authorized to perform work for any government entity;

C. That Defendant is affiliated with, appointed by, or otherwise authorized to perform work for any other person;

D. Any material aspect of the performance, efficacy, nature, or central characteristics of goods or services that are the subject of any sales offer;

E. Any material terms regarding the total cost to purchase, receive, or use, and the quantity of, any goods or services that are the subject of any sales offer;

F. Any material restrictions, limitations, or conditions to purchase, receive, or use any goods or services; or

G. Any other fact material to a consumer's decision to purchase any goods or services.

## II. PROHIBITIONS REGARDING COMMERCIAL ELECTRONIC MAIL MESSAGES

**IT IS FURTHER ORDERED** that Defendant and Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from, or assisting others in, Initiating, Procuring, or transmitting a Commercial Electronic Mail Message to a Protected Computer that:

A. Does not include the Sender's valid physical postal address;

B. Does not include a Clear and Conspicuous notice that the Commercial Electronic Mail Message is an advertisement; or

C. Violates the CAN-SPAM Act, 15 U.S.C. §§ 7701-7713, a copy of which is attached.

## III. MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A. Judgment in the amount of Fifty-Two Thousand and One Hundred Sixty-Eight Dollars and Seventy Cents ($52,168.70) is entered in favor of the Commission against Defendant as equitable monetary relief. The monetary judgment set forth in this Section III is enforceable against any asset, real or personal, whether located within the United States or outside the United States, owned jointly by, on behalf of, for the benefit of, or in trust by or for, Defendant, whether held as tenants in common, joint tenants with or without the right of survivorship, tenants by the entirety, and/or community property.

B. Defendant is ordered to pay to the Commission Fifty-Two Thousand and One Hundred Sixty-Eight Dollars and Seventy Cents ($52,168.70).

C. In partial satisfaction of the judgment against Defendant, any financial or brokerage institution, escrow agent, title company, commodity trading company, business entity, or

5

person, whether located within the United States or outside the United States, that holds, controls, or maintains accounts or assets of, on behalf of, or the benefit, of Defendant shall turn over such account or asset to the FTC or its designated agent within ten (10) business days of receiving notice of this Order by any means, including but not limited to via facsimile.

D. Defendant acknowledges that his Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendant must submit to the Commission within ten (10) days, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## IV.   CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendant, Defendant's officers, agents, servants, successors, assigns, employees, and attorneys, and any other person or entity in active concert or participation with them, who receives actual notice of this Order by personal service or otherwise

are permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendant must provide it, in the form prescribed by the Commission, within 14 days.

B. Disclosing, using, or benefitting from customer or prospective customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer or prospective customer's account (including a credit card, bank account, or other financial account), that Defendant obtained prior to entry of this Order in connection with the advertising, marketing, offering for sale or selling of computer technical support services; and

C. Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## V. COOPERATION

**IT IS FURTHER ORDERED** that Defendant must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Defendant must provide truthful and complete information, evidence, and testimony. Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission

7

representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## VI. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendant obtain acknowledgments of receipt of this Order:

A. Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, Defendant for any business that Defendant is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant make timely submissions to the Commission:

A. One year after entry of this Order, Defendant must submit a compliance report, sworn

8

under penalty of perjury:

1. Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership; (d) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (e) identify all Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses (f) describe the activities of each business, including the goods and services offered, and the means of advertising, marketing, and sales; (g) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (h) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 20 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any

9

subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

    2. Additionally, Defendant must report any change in: (a) name, including aliases or fictitious name, email address, phone number, or residence address; or (b) title or role in any business activity, including any business for which Defendant performs services whether as an employee or otherwise, and any entity in which Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Daniel L. Croft.

## VIII. RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendant must create certain records for 20 years

after entry of the Order, and retain each such record for 5 years. Specifically, Defendant, for any business that Defendant, individually or collectively, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. Accounting records showing the revenues from all goods or services sold;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. A copy of each unique advertisement or other marketing material.

## IX.   COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendant's compliance with this Order, and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly

11

with Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## X. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 20 day of July, 2017.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:     Counsel of Record